THE JEANIE LANDLES.

*'District Court, D. Oregon.* July 3, 1883.)

1. SUPPLIES.
   The master of a vessel is not authorized to purchase supplies or incur indebtedness on the credit of the ship, or owner, in a foreign port, where the owner is represented by a known agent, unless under circumstances where the conduct of the owner or agent may fairly be construed as giving such authority.
2. STIPULATION BY CLAIMANT FOR THE DISCHARGE OF A VESSEL.
   The clerk is not authorized to take a stipulation for the discharge of a vessel, but the same must be done in court or at chambers, or before a commissioner; and in the former case notice thereof is given to the marshal by a writ of *supersedeus* issued by the clerk, and in the latter case by an order to the same effect issued by the commissioner; and in neither case is the marshal entitled to any fee or mileage for " serving " such writ or order, but he may charge any necessary expense incurred by him in consequence of such writ or order, as a part of the expense incurred under the process for the arrest and custody of the vessel.

In Admiralty.
*David Goodsell,* for libelant.
*Erasmus D. Shattuck* and *Robert McKee,* for claimant.

DEADY, J. On March 1, 1883, G. T. Reed, of the Caledonia saloon, in this city, brought suit in this court against the British ship Jeanie Landles for $159.50, of which sum $89.50 was alleged to be for vinous and spirituous liquors furnished the master as ship-stores, and on her credit; and $70 money loaned to him, as was alleged, on the credit of the vessel, for the payment of seamen's wages. The claimants, Meyer, Wilson & Co., of this city, as the agents of the owner, Mr. David Law, of Glasgow, answered the libel, alleging that they were the agents in this port for the owner of the vessel during her stay here, to the knowledge of the libelant, and denying that said liquors or money were necessary under the circumstances for said

vessel, or that she ever, in fact, had the benefit of them, or that they were furnished to the master of the Jeanie Landles on her credit, or otherwise than on the credit of the master and for his own use.

On the trial, it appeared from the testimony of the master, and otherwise, that the answer was true, and the court dismissed the libel; holding that by the maritime law the master is not authorized to purchase supplies or incur indebtedness on the credit of the ship in a foreign port where the owner is represented by a known agent, unless under circumstances where the conduct of such owner or agent may fairly be construed as giving such authority. 1 Pars. Shipp. & Adm. 8, 9, 15, 20, 332; Abb. Treat. 126. The claimant also had a decree for costs, and filed a cost bill, which includes these two items paid the marshal:

| | |
|---|---:|
| Service of warrant of delivery, | $ 4 00 |
| Mileage to Astoria, 110 miles, | 17 00 |

To these the libelant excepted, and the clerk sustained the exception, and the claimant appeals.

Upon the arrest or seizure of a vessel in a suit *in rem*, the claimant is entitled to have her returned to him upon giving a stipulation, with sureties, in such sum as the court may direct, to abide by and pay the money awarded by the final decree of the court in which it is taken, or the appellate court. Adm. Rule 10.

By the admiralty rules 5 and 35 this or any other stipulation may be taken in court or at chambers, or before a United States commissioner. Or the claimant may, under the act of March 3, 1847, (section 941, Rev. St.,) procure a stay of the execution of the process, or a discharge of the vessel therefrom, if already arrested, by giving a bond or stipulation to the marshal in double the amount claimed by the libelant, with sureties, approved by the judge or collector of the port.

In this case it appears that the stipulation was taken by the clerk in the form of a bond in double the amount claimed by the libelant, conditioned to "abide and answer" the decree, and upon so doing the clerk issued a writ, entitled a "Warrant of Delivery," directed to the marshal, reciting that the district judge—naming him—had ordered the ship to be delivered to the claimant, and directing him to make such delivery. When this warrant was received by the marshal, it appears that the vessel was lying in the river at Astoria, bound out, in the custody of a deputy or keeper, and that the marshal undertook to "serve" it, by sending it by mail to his deputy at Astoria, who removed the keeper, and surrendered or delivered the vessel to the master or agent of the owner.

Before proceeding further, attention is called to the fact that the clerk was not authorized to take this stipulation, and that, the district judge not having taken it, he made no order for the delivery of the vessel as recited in the so-called "Warrant of Delivery." But sup-

posing the stipulation to be taken before the proper officer, there must be some method of giving formal notice of the fact to the marshal, and advising him that the process for the arrest of the vessel has been superseded, and therefore he must surrender or deliver the vessel to the claimant upon demand.

In 2 Conkl. Adm. 98, it is said that "if the stipulation is taken and acknowledged before a commissioner of a distant port, he at once orders the vessel to be discharged; and if it is given in court, a *supersedeas* is immediately issued to the marshal. This is the only suggestion on the subject that I find in the works on admiralty within my reach, and, comparing it with the mode of proceeding in analogous cases, I think it furnishes a proper and convenient rule in the premises. The stipulation is intended to operate as a *supersedeas,* and whoever takes it ought to give or cause to be given notice to the marshal accordingly.

If this stipulation had been taken in court, notice would have been given to the marshal by a writ issued by the clerk, and called a *supersedeas,* because of its effect upon the former process. And if it had been taken before a commissioner, he should have given similar notice to the marshal by an order to the same effect. But in either case the writ or order would be served *upon* the marshal, and not *by* him; and by the claimant, his attorney or agent, delivering the same to him. The writ or order should contain a recital of the issue of the process, the allowance of the stipulation, and require the marshal to forbear the further execution of the process, and to surrender or deliver the property taken thereon to the claimant on demand. Of course he can make no charge for serving this writ or order, for, as I have said, he does not serve, but it is served upon him, so far as it is served at all. If, in consequence of it, he is put to any expense, as in transmitting it, or giving direction in pursuance of it to his deputy or keeper in a distant port, he may, I suppose, charge the same as a part of the expense incurred under the process for the arrest and custody of the vessel. See section 829, Rev. St; Rule 59, of the Civil Code.

The taxation of the clerk is affirmed and the appeal dismissed.